IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANI SUBRAMANIAN,             No   C 04-1249 VRW

     Plaintiff,             ORDER

     v

ST PAUL FIRE AND MARINE INSURANCE
COMPANY, et al,

     Defendants.
_____/

         On October 14, 2008, the court ordered plaintiff Mani Subramanian to show cause why he should not be sanctioned $10,000 for two frivolous filings, Docs ## 233, 234. Doc #251 at 6. In response, Subramanian filed a "request for clarification." Doc #253.

         In his request, Subramanian puts forth three arguments why he should not be sanctioned. Doc #253. First, he argues that his notice of appeal to the Ninth Circuit divests the court of jurisdiction to enter sanctions. Id at 2. He is wrong. The court

continues to have jurisdiction over Subramanian in the matter and can enter sanctions. A notice of appeal only transfers jurisdiction to the appellate court over matters contained in the appeal. <u>Masalosalo by Masalosalo v Stonewall Ins Co</u>, 718 F2d 955, 956 (9th Cir 1983). Subramanian filed a limited appeal that did not include the order to show cause why he should not be sanctioned. Doc #252. In <u>Masalosalo</u>, the Ninth Circuit held that a district court can award attorneys' fees for frivolous filings after a notice of appeal has been filed even though the appeal concerned whether dismissal of the underlying filings was proper. 718 F2d at 956. Thus, even though Subramanian's two frivolous filings are currently noticed for appeal, the court can still impose sanctions for those filings.

   Second, Subramanian argues that the sanctions are vague or that he was not on notice that he might be sanctioned. Id at 2. He is wrong again. In June 2005, the court issued a standing order against Subramanian for any frivolous filings in the amount of $1,000 per page. Doc #163 at 24. The court's leniency in only ordering $10,000 in sanctions, rather than the maximum amount available under the standing order ($87,000), does not render the sanctions vague.

   Finally, Subramanian argues that his motions were not frivolous. Doc #253 at 3-4. He is wrong yet again. The Ninth Circuit affirmed the orders that Subramanian sought to have reconsidered. See <u>St Paul Fire & Marine Ins Co v Vedatech Intern Inc</u>, 245 Fed Appx 588 (9th Cir 2007). Subramanian's subsequent post-judgment filings had no basis in law or fact and wasted defendants' time.

Accordingly, the court ORDERS Subramanian to pay $10,000 in sanctions to defendants no later than February 27, 2009.

IT IS SO ORDERED.



VAUGHN R WALKER
United States District Chief Judge

3